### The People v. Harriet Charles.

In cases of summary conviction, the magistrate must not only cause the accused to be before him at the time of trial, but must make up a record of conviction, in which must be stated, not only such appearance, but all the facts necessary to give him jurisdiction over the offense, and to warrant him in pronouncing a judgment of conviction.

The prisoner was brought before the circuit judge on a writ of habeas corpus, on the return to which it appeared that she had been sentenced to the penitentiary for two months, as a vagrant, by one of the police magistrates.

The record of conviction was in the following words:

City and County of New York, ss:

Be it remembered, that on the twenty-sixth day of July, 1846, Harriet Charles was convicted before the undersigned, one of the special justices for preserving the peace in the city of New York, on competent testimony of being vagrant, viz.: a common prostitute, who has no lawful employment whereby to maintain herself, and being an improper person to be sent to the alms-house, she was sentenced to be committed to the penitentiary of said city of New York for the term of two months.

In witness whereof, I have hereunto subscribed my name the day and year first above mentioned.

*The Circuit Judge* delivered the following opinion:

The power which the magistrates exercise in these cases is a new power, specially conferred by statute, and is not in conformity with the common law. The proceeding is summary, and the right to a trial by a jury is denied to the accused.

Wherever either of these things occur, and still more where they all exist, the acts of the magistrate are to be regarded with great strictness. Nothing will be intended in favor of jurisdiction, but the facts conferring it must affirmatively appear.

This is a well settled rule of law, and certainly ought not to be relaxed in cases like this, where not only is the grant of authority special, and the jurisdiction exercised summary, but where the liberty and character of so many persons is often subject to the almost unlimited control of the magistrates.

In cases of vagrancy two things are necessary prerequisites, first, that the accused shall be brought before the magistrate; and, second, that the magistrate shall make up a record of the conviction.

The latter has often been held by the judges in the Hall, to be necessary, and I think it has rightfully been so held, and the former is required as well by the statute as by the common law. 1 R. S. 632, § 2, declares that the vagrant shall be carried before the magistrate for the "purpose of examination." In 4 Bl. Com. 382, it is said the courts of common law have thrown in one check upon summary convictions, by making it necessary to summon the party accused before he is condemned, and that is now held to be an indispensable requisite. (2 Lord Raymond, 1405; 1 Salk. 181.) And even where it is not specifically required by the statute, it is regarded as a principle so essential to the due administration of justice, that it cannot be dispensed with. (*Bigelow v. Stearns*, 19 John. R. 39.)

In the proceedings of courts of special and limited jurisdic-

tion, whatever is essential to jurisdiction must appear by what is set forth in the record. It was so held by the English Court of Common Pleas, in *Sollers* v. *Lawrence* (Willes, 416); by the United States Supreme Court in *Wise* v. *Withers* (3 Cranch. 331); and by our Supreme Court in *Mills* v. *Martin* (19 John. R. 35).

The record of conviction, therefore, must show that the magistrate had jurisdiction, not only of the subject-matter of the complaint, but of the person of the accused.

As to the "subject-matter," I think the record in this case, though inartificially drawn up, is sufficient to show that the matter imputed to the prisoner was an offense of which the magistrate had cognizance, and that is enough in this regard. But it is fatally defective in omitting to state that the accused was brought before the magistrate, or that she was even summoned to appear. For aught that appears before me on this record, she may never have been before the magistrate, she may never have had any opportunity of confronting her accuser, of cross-examining the witnesses, or of defending herself against the charge. If this were so, if she was convicted without being afforded this opportunity, the proceedings were so void as not only not to warrant her commitment, but to render the magistrate liable as a trespasser. It was so ruled by the Supreme Court in *Bigelow* v. *Stearns.*

The averments wanting in this record are not mere matters of form. They are substantial, because essential to personal liberty. The accused has a right to know, in order that she may investigate, and, if she please, controvert the grounds on which the officer assumes to exercise over her so formidable and so summary a power. The right is a necessary protection against an arbitrary or tyrannical exercise of the power, and is the more carefully to be preserved, because the class of people upon whom the authority is generally exerted, are mostly those who, from their poverty, and their destitution, are wanting in all other means of protection.

If this record can be sustained, then it might fairly be inferred that while the prisoner is absent from the court, and,

perchance, locked up in her cell, beyond the reach of aid or succor, the magistrate might receive an accusation against her, take the testimony, pronounce his judgment, and condemn her, unheard, to a long imprisonment. Such a proceeding would be so repugnant to the whole spirit of our laws, that while I take it for granted that no magistrate would venture upon it, I feel the necessity of cutting off, even, an implied sanction to it.

Under these views the prisoner must be discharged.